## STATE ex Finegold v. LORAIN CO. COMM.

Ohio Appeals, 9th Dist., Lorain Co.

No. 455. Decided Apr. 20, 1928.

First publication of this opinion.

Syllabus by The Court.

**1104. STATUTES—1023 Repeals.**

When a lawmaking body declares in plain language that a new law shall supersede other laws then in force and inconsistent therewith, it in effect repeals such other laws—not by implication but by express enactment.

Appeal from Common Pleas.

Decree for plaintiff.

H. C. Johnson, Elyria, Squire, Sanders & Dempsey and W. L. Fleming, Cleveland, for State ex.

Baird, Vandermark & Butler, Elyria, for Lorain Co. Comm.

STATEMENT OF FACTS

On Aug. 30, 1926, the defendant adopted a resolution declaring the necessity of building a bridge over Black River in the city of Lorain, and that it was necessary to issue bonds in the sum of $2,199,000 and to submit the policy of such an expenditure to the electors of said county at the next general election, to be held on Nov. 2.

The canvass of the result of such election showed that 10,075 votes were cast in favor of the proposition, and 8,797 votes were cast against the same; this showing that more than 50% of the votes favored the proposition, but that less than 55% were in favor thereof.

It is conceded by the defendant that the proceedings for such election were taken under Secs. 5638 and 5639-1 to 5642-1, inclusive, of the General Code, which have since been repealed.

PARDEE, J.

"In 1925 the General Assembly of this state adopted the so-called Kreuger act, being Secs. 5649-9 to 5649-9d, inclusive, of the General Code, which law became effective July 21, 1925, and is found in 101 O. L. 335.

It is claimed by the attorneys for the plaintiff and admitted by the attorneys for the defendant that the proceedings taken by the county commissioners and the other public authorities of said county precedent to the submission of said bond issue to the people of Lorain county, did not comply with the requirements of the so-called Kreuger act.

It being admitted that the procedure adopted by the public authorities for the issuance of the bonds in question, did not comply in any particular with the foregoing requirements of the Kreuger act, it admittedly follows that if the provisions of the Kreuger act apply, then the bonds in question cannot be legally issued.

Sec. 5649-9d GC., is a part of the Kreuger act, and in said section it is provided that—"* * * The provisions of sections 2 (GC. Sec. 5649-9a), 3 (Sec. 5649-9b), 4 (Sec. 5649-9c) and 5 (Sec. 5649-9d) of this act shall supersede the various provisions of law governing the issue of bonds of any bond-issuing authority, the passage of resolutions, the publication of notices, the holding of elections, the form of the ballot, the percentage of vote required, the time of holding elections and the levy of taxes, in so far as they are inconsistent herewith."

When the legislature declared in plain language that the procedure set forth in the Kreuger law should supersede the procedure inconsistent therewith provided by other laws for the issuance of bonds, it in effect repealed such other laws—not by implication but by express enactment; and hence, the question of whether the law under which the commissioners acted was repealed by implication, is not presented for determination.

"Yet, where a statute contemplates in express terms that its enactments will repeal earlier acts, by their inconsistency with them, the chief argument or objection against repeal by implication is removed, and the earlier acts may be more readily treated as repealed." Endlich on the Interpretation of Statutes, p. 275, Sec. 206. See also 1 Lewis' Sutherland Statutory Construction (2nd ed.) pp. 458-9, Sec. 246.

The county commissioners having only such authority in this matter as is given to them by the general asembly, and in order to make their acts valid and binding, they are required to comply with all of the conditions precedent prescribed by the general assembly; and it being admitted in this case that they failed to comply with the provisions of the Kreuger act, the procedure of which law we hold governs them in making this improvement, they have no right to issue and sell the bonds in question, and it therefore becomes our duty to sustain the prayer of the petition and enjoin the defendant from selling said bonds."

(Washburn, PJ., and Funk, J., concur.)